IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
03/21/2011

IN RE )
)
FREDDIE BROOKS, JR. and ) CASE NO. 05-82659-G3-13
FRANKIE BROOKS, )
)
Debtors, )
)

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Order Declaring Post-Petition Obligations That Remain Due and Owing to Litton Loan Servicing LP" (Docket No. 102) filed by Litton Loan Servicing LP. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Freddie Brooks, Jr. and Frankie Brooks ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 4, 2005. William E. Heitkamp ("Trustee") is the Chapter 13 Trustee.

On February 20, 2006, Debtors proposed a plan. The plan provided that Debtors were to make payments to Trustee of $375 per month for four months, then $500 per month for 38

months.  The plan provided that Debtors were to make regular monthly mortgage payments directly to Litton Loan Servicing, LP ("Litton").  The plan provided for cure of the mortgage arrearage through by disbursements from Trustee.  (Docket No. 20).  The plan was confirmed, by order entered on March 30, 2006.  (Docket No. 28).

Litton did not file a proof of claim in the above captioned case.

On March 7, 2008, Trustee filed a motion to dismiss, on grounds Debtors had failed to make Chapter 13 plan payments.  (Docket No. 49).

On July 28, 2008, Debtors filed a motion to modify the plan.  Debtors recited in the motion that the purpose of the modification was to become current with Chapter 13 plan payments.  The modified plan increased the term of the plan from 42 to 60 months, and increased the plan payment to $840 per month.  The modified plan provided for payment of the regular monthly mortgage payment through Trustee.  (Docket No. 58).  The modification was approved, by order entered on October 14, 2008.  (Docket No. 62).

On October 22, 2010, Trustee filed a notice indicating that plan payments would be complete, and that Debtors should commence making regular monthly mortgage payments to Litton during November, 2010.  (Docket No. 98).

On January 3, 2011, Trustee filed a notice indicating that Debtors had made all the payments called for under the plan. (Docket No. 101).

On January 4, 2011, Litton filed the instant motion. In the instant motion, Litton seeks a determination that Debtors owe a postpetition mortgage arrearage, from the time before Trustee began disbursing regular monthly payments, in the amount of $7,011.46. (Docket No. 102).

At the hearing on the instant motion, Litton called Debtor Freddie Brooks, Jr. as a witness. Brooks testified that Debtors made all the payments due under their mortgage prior to Trustee's commencement of payments. Litton's payment history was not admitted into evidence. Litton presented no witnesses other than Debtor.

## Conclusions of Law

The Bankruptcy Code and Bankruptcy Rules do not address the burden of proof with respect to the instant motion. The relief requested is analogous to a declaratory judgment. Thus, the court concludes that Litton bears the burden of proof.

In the instant case, Litton presented no evidence to support the relief requested. The uncontroverted testimony of Debtor Freddie Brooks, Jr. is that Debtors made all of the payments due under their mortgage prior to the time Trustee took over making the regular monthly mortgage payments. The court

concludes that Litton has failed to meet its burden of proof with respect to the relief requested in the instant motion.

Based on the foregoing, a separate Judgment will be entered denying the "Motion for Order Declaring Post-petition Obligations That Remain Due and Owing to Litton Loan Servicing LP" (Docket No. 102) filed by Litton Loan Servicing LP.

Signed at Houston, Texas on March 21, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE